ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

            -v.-

ANTHONY R. MURGIO,
YURI LEBEDEV, and
TREVON GROSS,

            Defendants.

- - - - - - - - - - - - - - - - - - x

**SEALED INDICTMENT**

S2 15 Cr. 769 (AJN)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/16

**COUNT ONE**
(Conspiracy to Operate an Unlicensed Money Transmitting Business)

The Grand Jury charges:

**RELEVANT PERSONS AND ENTITIES**

    1.     At all times relevant to this Indictment, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, were residents of Florida.

    2.     At all times relevant to this Indictment, TREVON GROSS, the defendant, was a resident of New Jersey. At all relevant times, GROSS was the Chairman of the Board of HOPE Federal Credit Union ("HOPE FCU"), a New Jersey-based credit union with primarily low-income members.

    3.     At all times relevant to this Indictment, Coin.mx was a Florida-based Bitcoin exchange service on the Internet that was operated by ANTHONY R. MURGIO, the defendant, with the

assistance of YURI LEBEDEV, the defendant, and owned by a co-conspirator not identified herein ("CC-1"). Through Coin.mx, MURGIO, LEBEDEV, and their co-conspirators enabled their customers to exchange cash for Bitcoins, charging a fee for their service. In total, between approximately October 2013 and July 2015, Coin.mx exchanged millions of dollars for Bitcoins on behalf of customers throughout the United States, including in the Southern District of New York.

## THE COIN.MX SCHEME

4.  At all times relevant to this Indictment, ANTHONY R. MURGIO, the defendant, knowingly operated Coin.mx in violation of federal anti-money laundering laws and regulations, including those requiring money services businesses like Coin.mx to meet registration and reporting requirements set forth by the United States Treasury Department.

5.  ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and their co-conspirators engaged in substantial efforts to evade detection of their unlawful Bitcoin exchange scheme by operating through a phony front-company called "Collectables Club," and by maintaining a corresponding phony "Collectables Club" website. In doing so, MURGIO, LEBEDEV, and their co-conspirators sought to trick the major financial institutions through which they operated into believing their unlawful

2

Bitcoin exchange business was simply a members-only association of individuals who discussed, bought, and sold collectable items, such as stamps and sports memorabilia.

6. In furtherance of the unlawful Coin.mx scheme, ANTHONY R. MURGIO, the defendant, opened bank accounts at U.S. financial institutions, including at a bank branch located in the Southern District of New York, in the name of "Collectables Club." MURGIO knowingly and falsely represented to these banks that the accounts were opened to operate a members-only association of collectables and memorabilia enthusiasts, when in truth and in fact, and as MURGIO and his co-conspirators well knew, the accounts were opened to function, and did in fact function, as operating accounts for their unlawful Coin.mx Bitcoin exchange business.

7. In addition to lying to financial institutions to obtain bank accounts for his unlawful business, ANTHONY R. MURGIO, the defendant, and his co-conspirators deceived U.S. banks and credit card issuers into authorizing credit and debit card payment and ACH transactions to purchase Bitcoins through Coin.mx. In particular, MURGIO and his co-conspirators deliberately misidentified and miscoded customers' credit and debit card transactions, in violation of bank and credit card company rules and regulations, and limited the dollar amount of

individual transactions engaged in by their customers, in order to trick banks into allowing the transactions to be completed, and avoid arousing suspicion from the banks.

8. Also in furtherance of their unlawful Coin.mx scheme, ANTHONY R. MURGIO, the defendant, and his co-conspirators knowingly instructed customers of Coin.mx to lie to banks about the Bitcoin exchange transactions the customers were executing through Coin.mx, and to state falsely that they were for the exchange of collectables items, and not for Bitcoins.

9. In approximately 2014, in an effort to evade potential scrutiny from financial institutions and others about the nature of Coin.mx, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and their co-conspirators acquired control of HOPE FCU, a federal credit union in New Jersey with primarily low-income members. TREVON GROSS, the defendant, who was the Chairman of the Board of HOPE FCU, allowed MURGIO, LEBEDEV, and their co-conspirators to take control of HOPE FCU and assisted their efforts in exchange for bribes, which GROSS directed MURGIO to pay to bank accounts under GROSS's control. In furtherance of this bribery scheme, LEBEDEV offered to pay $41,000 of his own money in bribes to GROSS. In total, MURGIO and his co-conspirators, at GROSS's direction, paid over $150,000 to accounts under GROSS's control. GROSS, in turn, spent proceeds

from the bribes on personal expenses, including payments on his personal credit cards. Thereafter, and with GROSS's assistance, MURGIO installed his co-conspirators, including LEBEDEV, on HOPE FCU's board of directors and transferred Coin.mx's banking operations to HOPE FCU. MURGIO, LEBEDEV, and their co-conspirators operated HOPE FCU as a captive bank for their unlawful Bitcoin exchange until at least early 2015.

### Statutory Allegations

10. From at least in or about April 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 1960.

11. It was a part and an object of the conspiracy that ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, Coin.mx, d/b/a "Collectables Club," d/b/a "Currency Enthusiasts" ("Coin.mx"), which failed to comply with the money transmitting business registration requirements set forth in

5

federal law and regulations, in violation of Title 18, United States Code, Section 1960.

## Overt Acts

12.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a.  In or about August 2013, ANTHONY R. MURGIO, the defendant, opened an account at a particular financial institution ("Bank-1") in the name of "Collectables Club," to be used in furtherance of Coin.mx operations.

    b.  In or about November 2013, MURGIO agreed with a co-conspirator not named herein to miscode credit card transactions processed on behalf of Coin.mx in an effort to avoid detection of the unlawful Coin.mx scheme by credit and debit card issuers and banks.

    c.  From in or about December 2013, through at least in or about November 2014, in an effort to promote Coin.mx and expand its customer base, MURGIO exchanged numerous emails with a company located in the Southern District of New York.

    d.  In or about August 2014, MURGIO opened an account at a particular financial institution ("Bank-2") in the name of

6

"Collectables Club," at a Bank-2 branch located in the Southern District of New York.

(Title 18, United States Code, Section 371.)

### COUNT TWO
(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

13. The allegations contained in paragraphs 1-9 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

14. From at least in or about April 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, willfully and knowingly did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, Coin.mx, an internet-based Bitcoin exchange business, which failed to comply with the money transmitting business registration requirements set forth in federal law and regulations.

(Title 18, United States Code, Sections 1960 and 2.)

**COUNT THREE**
(Conspiracy to Make Corrupt Payments with Intent to Influence an Officer of a Financial Institution)

The Grand Jury further charges:

15. The allegations contained in paragraphs 1-9 and 12 of this Indictment are repeated and realleged as if fully set forth herein.

16. From at least in or about April 2013 to at least in or about 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 18, United States Code, Section 215(a).

17. It was a part and an object of the conspiracy that ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly would and did corruptly give, offer, and promise a thing of value to a person, to wit, a sum of money greater than $1,000, with the intent to influence and reward an officer, director, employee, agent, and attorney of a financial institution, to wit, TREVON GROSS, the defendant, the Chairman of the Board of HOPE FCU, in connection with a business and transaction of such institution, to wit, the

operations of HOPE FCU, in violation of Title 18, United States Code, Section 215(a).

## Overt Acts

18. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. In or about April 2014, ANTHONY R. MURGIO, the defendant, communicated with TREVON GROSS, the defendant, in an effort to take over control of the Board of Directors of HOPE FCU in furtherance of Coin.mx's operations.

    b. On or about May 9, 2014, MURGIO caused $15,000 to be transferred via wire through the Southern District of New York to a particular bank account ("Bank Account-1") at the request of GROSS.

    c. On or about May 21, 2014, MURGIO caused $15,000 to be transferred to Bank Account-1.

    d. On or about June 20, 2014, MURGIO caused $120,000 to be transferred to Bank Account-1.

    e. From in or about November 2014, through at least in or about December 2014, MURGIO exchanged numerous emails from the Southern District of New York with individuals outside the Southern District of New York, including YURI LEBEDEV, the

defendant, and other individuals MURGIO had installed on the Board of Directors of HOPE FCU with the assistance of GROSS, in furtherance of the efforts of MURGIO, LEBEDEV, and their co-conspirators to acquire control of HOPE FCU.

 f. On or about November 24, 2014, MURGIO caused $6,000 to be transferred to a particular bank account ("Bank Account-2") at the request of GROSS.

 g. On or about November 24, 2014, LEBEDEV offered MURGIO approximately $41,000 to be used to bribe GROSS.

 h. On or about December 2, 2014, MURGIO caused $50,000 to be transferred to Bank Account-2.

 (Title 18, United States Code, Section 371.)

### COUNT FOUR
(Making Corrupt Payments with Intent to Influence an Officer of a Financial Institution)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1-9, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

20. From at least in or about May 2014 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, did corruptly give, offer, and promise a thing of value to a person, to wit, a sum of money greater than $1,000, with the intent to influence and

10

reward an officer, director, employee, agent, and attorney of a financial institution, to wit, TREVON GROSS, the defendant, the Chairman of the Board of HOPE FCU, in connection with a business and transaction of such institution, to wit, the operations of HOPE FCU.

(Title 18, United States Code, Sections 215(a)(1) and 2.)

### COUNT FIVE
(Receiving Corrupt Payments as an Officer of a Financial Institution with Intent to be Influenced)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1-9, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

22. From at least in or about May 2014 to at least in or about July 2015, in the Southern District of New York and elsewhere, TREVON GROSS, the defendant, as an officer, director, employee, agent, and attorney of a financial institution, did corruptly solicit and demand for the benefit of a person, and corruptly accepted and agreed to accept, a thing of value from a person, to wit, a sum of money greater than $1,000, with the intent to be influenced and rewarded in connection with a business and transaction of such institution, to wit, the operations of HOPE FCU.

(Title 18, United States Code, Sections 215(a)(2) and 2.)

## COUNT SIX
(Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

23. The allegations contained in paragraphs 1-9, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

24. From at least in or May 2013, up to and including in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly, combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Section 1343.

25. It was a part and an object of the conspiracy that ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MURGIO knowingly made, and caused others to make, material misrepresentations to

12

financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to operate through them, and in doing so, caused wires to be transmitted to and from the Southern District of New York.

(Title 18, United States Code, Section 1349.)

### COUNT SEVEN
(Wire Fraud)

The Grand Jury further charges:

26. The allegations contained in paragraphs 1-9, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

27. From at least in or May 2013, up to and including in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, MURGIO knowingly made, and caused others to make, material misrepresentations to financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to

13

operate through them, and in doing so, caused wires to be transmitted to and from the Southern District of New York.

(Title 18, United States Code, Section 1343.)

## COUNT EIGHT
(Money Laundering)

The Grand Jury further charges:

28. The allegations contained in paragraphs 1-9, 12, and 18 of this Indictment are repeated and realleged as if fully set forth herein.

29. From at least in or about October 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, in an offense involving and affecting interstate and foreign commerce, did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, to promote the operation of the unlawful money transmitting business Coin.mx, in violation of Title 18, United States Code, Section 1960, MURGIO transferred hundreds of thousands of dollars from bank accounts within the United States to bank accounts outside of the United States, and caused others to

transfer hundreds of thousands of dollars to bank accounts within the United States from bank accounts outside of the United States, including via certain wire transfers which cleared through New York, New York.

(Title 18, United States Code, Section 1956(a)(2)(A) and 2.)

### FORFEITURE ALLEGATIONS

30. As a result of committing one or more of the offenses alleged in Counts One, Two, and Eight of this Indictment, ANTHONY R. MURGIO, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offenses alleged in Counts One, Two, and Eight, or any property traceable to such property.

31. As a result of committing one or more of the offenses charged in Counts Three through Five and Count Eight of this Indictment, ANTHONY R. MURGIO, YURI LEBEDEV, and TREVON GROSS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts Three through Five and Count Eight.

32. As a result of committing one or more of the offenses charged in Counts Six and Seven of this Indictment, ANTHONY R. MURGIO, YURI LEBEDEV, and TREVON GROSS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds the defendant obtained, directly or indirectly, as the result of the commission the offenses alleged in Counts Six and Seven.

### Substitute Assets Provision

33. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section

2461, to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

> (Title 18, United States Code, Sections 981, 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

/s/ Yolanda Ocasio
FOREPERSON

/s/ Preet Bharara
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ANTHONY R. MURGIO,
YURI LEBEDEV, and
TREVON GROSS,

Defendants.

---

SEALED INDICTMENT

S2 15 Cr. 769 (AJN)

(18 U.S.C. §§ 215(a), 371, 1343, 1349,
1956, 1960 & 2.)

PREET BHARARA
United States Attorney.

TRUE BILL

FOREPERSON

March 1, 2016

Filed Sealed Indictment. U.S.MJ Debra Freeman