

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -    x
                                       :
UNITED STATES OF AMERICA               :
                                       :
            -v.-                       :    **INDICTMENT**
                                       :
ANTHONY R. MURGIO,                     :    S6 15 Cr. 769 (AJN)
YURI LEBEDEV, and                      :
TREVON GROSS,                          :
                                       :
            Defendants.                :
                                       :
- - - - - - - - - - - - - - - - - -    x

**COUNT ONE**

(Conspiracy to Operate an Unlicensed
Money Transmitting Business)

The Grand Jury charges:

**RELEVANT PERSONS AND ENTITIES**

1.    At all times relevant to this Indictment, ANTHONY R.
MURGIO and YURI LEBEDEV, the defendants, were residents of
Florida.

2.    At all times relevant to this Indictment, TREVON
GROSS, the defendant, was a resident of New Jersey and the
Chairman of the Board of Directors of Helping Other People Excel
Federal Credit Union ("HOPE FCU"), a Lakewood, New Jersey-based
credit union with primarily low-income members.

3.    At all times relevant to this Indictment, Coin.mx,
d/b/a "Collectables Club," d/b/a "Collecting Club," d/b/a
"Currency Enthusiasts," d/b/a "Bcoinmarket" ("Coin.mx") was a

Florida-based Bitcoin exchange service on the Internet that was accessible in the Southern District of New York. Coin.mx was operated by ANTHONY R. MURGIO, the defendant, with the assistance of other individuals, including YURI LEBEDEV, the defendant, and owned by a co-conspirator not named herein ("CC-1").

4.    Through Coin.mx, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and their co-conspirators enabled customers to exchange cash for Bitcoins, charging a fee for their service. In total, between approximately October 2013 and July 2015, Coin.mx exchanged millions of dollars for Bitcoins on behalf of customers throughout the United States, including in the Southern District of New York.

## THE COIN.MX SCHEME

5.    At all times relevant to this Indictment, ANTHONY R. MURGIO, the defendant, knowingly operated Coin.mx in violation of federal anti-money laundering laws and regulations, including those requiring money services businesses like Coin.mx to comply with federal and state registration and licensing requirements set forth in Title 18, United States Code, Section 1960, and in regulations promulgated by the United States Department of the Treasury.

6.     ANTHONY R. MURGIO and YURI LEBEDEV, the defendants,
and their co-conspirators engaged in substantial efforts to
evade detection of their unlawful Bitcoin exchange scheme by
operating through phony front companies, such as "Collectables
Club," and by maintaining corresponding phony websites for those
companies.   In doing so, MURGIO, LEBEDEV, and their co-
conspirators sought to trick the financial institutions through
which Coin.mx operated and processed transactions into believing
their unlawful Bitcoin exchange business was simply a members-
only association of individuals who discussed, bought, and sold
collectable items, such as stamps and sports memorabilia.

7.     In furtherance of the unlawful Coin.mx scheme, ANTHONY
R. MURGIO, the defendant, and his co-conspirators opened bank
accounts at U.S. financial institutions, including at a bank
branch located in the Southern District of New York, in the name
of phony front companies such as "Collectables Club,"
"Collecting Club," and "Currency Enthusiasts."  MURGIO and his
co-conspirators knowingly and falsely represented to these banks
that the accounts were opened to operate a members-only
association of collectables and memorabilia enthusiasts, when in
truth and in fact, and as MURGIO and his co-conspirators well
knew, the accounts were opened to function, and did in fact

3

function, as operating accounts for their unlawful Coin.mx
Bitcoin exchange business.

8.    In addition to providing false information to
financial institutions to obtain bank accounts for Coin.mx,
ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and their
co-conspirators deceived banks and credit card issuers into
authorizing credit and debit card payment and Automated Clearing
House ("ACH") transactions to purchase Bitcoins through Coin.mx.
In particular, MURGIO, LEBEDEV, and their co-conspirators
deliberately caused customers' credit and debit card
transactions to be misidentified and miscoded, in violation of
bank and credit card company rules and regulations, and limited
the dollar amount of individual transactions engaged in by their
customers, in order to trick banks into allowing the
transactions to be completed and avoid arousing suspicion from
the banks.

9.    In furtherance of their unlawful Coin.mx scheme,
ANTHONY R. MURGIO, the defendant, and his co-conspirators
knowingly instructed customers of Coin.mx to lie to credit card
issuing banks about the Bitcoin transactions that the customers
were executing through Coin.mx.  Specifically, MURGIO and his
co-conspirators instructed customers to conceal from the banks
the fact that the customers were using their credit cards to

4

purchase Bitcoins from Coin.mx and, in certain cases, to state falsely to the banks that the credit card transactions were for the purchase of collectables items and not for Bitcoins.

10. As part of the unlawful Coin.mx scheme, ANTHONY R. MURGIO, the defendant, and his co-conspirators knowingly processed and profited from numerous Bitcoin transactions conducted on behalf of victims of ransomware schemes. Ransomware is a type of malicious software, or malware, which restricts access to an infected computer system and demands that the user pay a ransom, oftentimes in Bitcoins, to the malware operators in order to remove the restriction. By knowingly permitting ransomware victims to exchange currency for Bitcoins through Coin.mx, MURGIO and his co-conspirators facilitated the transfer of ransom proceeds to the malware operators while generating revenue for Coin.mx.

11. As part of the unlawful Coin.mx scheme, ANTHONY R. MURGIO, the defendant, and his co-conspirators also knowingly processed and profited from numerous Bitcoin transactions conducted on behalf of customers who sought Bitcoins for use in illegal narcotics transactions at various Darknet websites. The Darknet websites operated as online black-market bazaars, allowing vendors and buyers to conduct illicit transactions anonymously over the Internet using Bitcoins. By knowingly

5

permitting customers to exchange currency for Bitcoins through Coin.mx, MURGIO and his co-conspirators facilitated the transfer of funds to buyers and sellers of illegal narcotics while generating revenue for Coin.mx.

## THE BRIBERY SCHEME

12.    In or about 2014, in an effort to evade scrutiny from financial institutions and others about the nature of Coin.mx, and to facilitate the operation of the unlawful Bitcoin exchange, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and their co-conspirators acquired control of HOPE FCU, a federal credit union in New Jersey with primarily low-income members.    TREVON GROSS, the defendant, who was the Chairman of the Board of HOPE FCU, assisted MURGIO, LEBEDEV, and their co-conspirators in taking control of HOPE FCU in exchange for bribes, which GROSS directed MURGIO and his co-conspirators to pay to bank accounts under GROSS's control.

13.    In furtherance of this bribery scheme, YURI LEBEDEV, the defendant, offered to pay $41,000 of his own money in bribes to TREVON GROSS, the defendant.    In total, ANTHONY R. MURGIO, the defendant, and his co-conspirators, at GROSS's direction, paid over $150,000 in bribes to bank accounts under GROSS's control.    GROSS, in turn, spent proceeds from the bribes on

6

personal expenses, including payments for his personal credit
cards.

14.    Thereafter, and with the assistance of TREVON GROSS,
the defendant, ANTHONY R. MURGIO, the defendant, installed his
co-conspirators, including YURI LEBEDEV, the defendant, on the
Board of HOPE FCU and transferred Coin.mx's banking operations
to HOPE FCU.   MURGIO, LEBEDEV, and their co-conspirators
operated HOPE FCU as a captive bank for their unlawful Bitcoin
exchange until at least late 2014.

15.    In or about 2014, in furtherance of the scheme to
facilitate the takeover of HOPE FCU by ANTHONY R. MURGIO and
YURI LEBEDEV, the defendants, and their co-conspirators, MURGIO,
LEBEDEV, and TREVON GROSS, the defendant, obstructed and
attempted to obstruct an examination of HOPE FCU by the National
Credit Union Administration ("NCUA").   For example:

a.    MURGIO, LEBEDEV, and GROSS made material
misrepresentations to, and withheld material information from,
the NCUA concerning the installation of LEBEDEV and other Board
members selected by MURGIO on the Board of HOPE FCU.

b.    MURGIO and GROSS attempted to mislead the NCUA
concerning the financial health of HOPE FCU and the eligibility
of LEBEDEV and the other Board members selected by MURGIO to
serve as Board members of HOPE FCU.

7

c. In or about January 2015, MURGIO and LEBEDEV caused a letter to be drafted and sent to the NCUA, which was signed by LEBEDEV and two other co-conspirators not named as defendants herein, which falsely stated that the "Collectables Club" was "headquartered" in Lakewood, New Jersey.

## Statutory Allegations

16. From at least in or about April 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960.

17. It was a part and an object of the conspiracy that ANTHONY R. MURGIO, the defendant, and others known and unknown, knowingly would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, Coin.mx, which (a) was operated without an appropriate money transmitting license in a State, to wit, Florida, where such operation is punishable as a misdemeanor and a felony under State law; (b) failed to comply with the money transmitting

8

business registration requirements set forth in Title 31, United

States Code, Section 5330, and the regulations prescribed

thereunder; and (c) otherwise involved the transportation and

transmission of funds known to MURGIO and his co-conspirators to

have been derived from a criminal offense and intended to be

used to promote and support unlawful activity, to wit, extortion

in furtherance of ransomware schemes, in violation of Title 18,

United States Code, Section 1030(a)(7), and simple possession of

controlled substances, distribution of controlled substances,

and possession of controlled substances with intent to

distribute, in violation of Title 21, United States Code,

Sections 841 and 844.

## Overt Acts

18.    In furtherance of the conspiracy and to effect the

illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and

elsewhere:

a.    In or about August 2013, ANTHONY R. MURGIO, the

defendant, opened an account at a financial institution ("Bank-

1") in the name of "Collectables Club" to be used in furtherance

of Coin.mx operations.

b.    In or about November 2013, MURGIO agreed with CC-

1 to miscode credit card transactions processed on behalf of

9

Coin.mx in an effort to avoid detection of the unlawful Coin.mx scheme by credit card issuers and banks.

c. From in or about December 2013, through at least in or about November 2014, in an effort to promote Coin.mx and expand its customer base, MURGIO exchanged numerous emails with a company located in the Southern District of New York.

d. In or about August 2014, MURGIO opened an account at a financial institution ("Bank-2") in the name of "Collectables Club" at a Bank-2 branch located in the Southern District of New York.

(Title 18, United States Code, Section 371.)

**COUNT TWO**
(Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 15 and 18 of this Indictment are repeated and realleged as if fully set forth herein.

20. From at least in or about April 2013 to at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, knowingly did conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business affecting interstate and foreign commerce, to wit, Coin.mx, which (a) was operated without an appropriate money transmitting license in a

10

State where such operation is punishable as a misdemeanor and a felony under State law, to wit, Florida; (b) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and (c) otherwise involved the transportation and transmission of funds known to MURGIO and his co-conspirators to have been derived from a criminal offense and intended to be used to promote and support unlawful activity, to wit, extortion in furtherance of ransomware schemes, in violation of Title 18, United States Code, Section 1030(a)(7), and simple possession of controlled substances, distribution of controlled substances, and possession of controlled substances with intent to distribute, in violation of Title 21, United States Code, Sections 841 and 844.

(Title 18, United States Code, Sections 1960 and 2.)

## COUNT THREE
(Conspiracy)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 15 and 18 of this Indictment are repeated and realleged as if fully set forth herein.

22. From at least in or about April 2013 to at least in or about 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, YURI LEBEDEV, and TREVON GROSS, the

11

defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 215(a)(1), 215(a)(2), 1001, and 1517.

23.  It was a part and an object of the conspiracy that ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, would and did corruptly give, offer, and promise a thing of value to a person, to wit, a sum of money greater than $1,000, with the intent to influence and reward an officer, director, employee, agent, and attorney of a financial institution, to wit, TREVON GROSS, the defendant, the Chairman of the Board of HOPE FCU, in connection with a business and transaction of such institution, in violation of Title 18, United States Code, Section 215(a)(1).

24.  It was further a part and an object of the conspiracy that TREVON GROSS, the defendant, as an officer, director, employee, agent, and attorney of a financial institution, would and did corruptly solicit and demand for the benefit of a person, and corruptly accepted and agreed to accept, a thing of value from ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, to wit, a sum of money greater than $1,000, with the intent to be influenced and rewarded in

12

connection with a business and transaction of such institution, to wit, HOPE FCU, in violation of Title 18, United States Code, Section 215(a)(2).

25.   It was further a part and an object of the conspiracy that ANTHONY R. MURGIO, YURI LEBEDEV, and TREVON GROSS, the defendants, and others known and unknown, would and did corruptly obstruct and attempt to obstruct an examination of a financial institution, to wit, HOPE FCU, by an agency of the United States with jurisdiction to conduct an examination of such financial institution, to wit, the NCUA, in violation of Title 18, United States Code, Section 1517.

26.   It was further a part and an object of the conspiracy that ANTHONY R. MURGIO, YURI LEBEDEV, and TREVON GROSS, the defendants, and others known and unknown, in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit, the NCUA, knowingly and willfully would and did falsify, conceal, and cover up by trick, scheme, and device material facts, and make materially false, fictitious, and fraudulent statements and representations, and make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in violation of Title 18, United States Code, Section 1001.

13

## Overt Acts

27. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about April 2014, ANTHONY R. MURGIO, the defendant, and a co-conspirator not named herein ("CC-2"), communicated with TREVON GROSS, the defendant, in an effort to take over control of the Board of HOPE FCU in furtherance of Coin.mx's operations.

b. In or about April 2014, CC-2 executed an agreement on behalf of "Collectables Club" with GROSS, on behalf of HOPE FCU, stating, among other things, that individuals chosen by the "Collectables Club" would be nominated for positions on the Board of HOPE FCU.

c. On or about May 9, 2014, at the request of GROSS, MURGIO caused $15,000 to be transferred via wire through the Southern District of New York to a particular bank account ("Bank Account-1").

d. On or about May 21, 2014, MURGIO caused $15,000 to be transferred to Bank Account-1.

e. On or about June 20, 2014, MURGIO caused $120,000 to be transferred to Bank Account-1.

14

f.     From in or about November 2014, through at least in or about December 2014, MURGIO exchanged numerous emails from the Southern District of New York with individuals outside the Southern District of New York, including YURI LEBEDEV, the defendant, CC-2, and other individuals whom MURGIO had installed on the Board of HOPE FCU with the assistance of GROSS, in furtherance of the efforts of MURGIO, LEBEDEV, and their co-conspirators to acquire and maintain control of HOPE FCU.

g.     On or about November 22, 2014, MURGIO, LEBEDEV, and other individuals met with GROSS and discussed the payment of an additional $50,000 bribe to induce GROSS to relinquish control of HOPE FCU.

h.     On or about November 24, 2014, at the request of GROSS, MURGIO caused $6,000 to be transferred to a particular bank account ("Bank Account-2").

i.     On or about November 24, 2014, LEBEDEV offered MURGIO approximately $41,000 to be used to pay the additional bribe to GROSS.

j.     On or about December 2, 2014, MURGIO caused $50,000 to be transferred to Bank Account-2.

15

k.    In or about January 2015, LEBEDEV signed a letter

that was sent to the NCUA, which falsely stated that the

Collectables Club was "headquartered" in Lakewood, New Jersey.

(Title 18, United States Code, Section 371.)

## COUNT FOUR

(Making Corrupt Payments with Intent to Influence
an Officer of a Financial Institution)

The Grand Jury further charges:

28.    The allegations contained in paragraphs 1 through 15,

18, and 27 of this Indictment are repeated and realleged as if

fully set forth herein.

29.    From at least in or about May 2014 through at least in

or about 2015, in the Southern District of New York and

elsewhere, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants,

did corruptly give, offer, and promise a thing of value to a

person, to wit, a sum of money greater than $1,000, with the

intent to influence and reward an officer, director, employee,

agent, and attorney of a financial institution, to wit, TREVON

GROSS, the defendant, the Chairman of the Board of HOPE FCU, in

connection with a business and transaction of such institution,

to wit, the operations of HOPE FCU, and did aid and abet the

same.

(Title 18, United States Code, Sections 215(a)(1) and 2.)

16

**COUNT FIVE**

(Receiving Corrupt Payments as an Officer of a
Financial Institution with Intent to be Influenced)

The Grand Jury further charges:

30. The allegations contained in paragraphs 1 through 15,
18, and 27 of this Indictment are repeated and realleged as if
fully set forth herein.

31. From at least in or about May 2014 through at least in
or about 2015, in the Southern District of New York and
elsewhere, TREVON GROSS, the defendant, as an officer, director,
employee, agent, and attorney of a financial institution, did
corruptly solicit and demand for the benefit of a person, and
corruptly accepted and agreed to accept, a thing of value from a
person, to wit, a sum of money greater than $1,000, with the
intent to be influenced and rewarded in connection with a
business and transaction of such institution, to wit, HOPE FCU.

(Title 18, United States Code, Sections 215(a)(2) and 2.)

**COUNT SIX**

(Conspiracy to Commit Wire Fraud and Bank Fraud)

The Grand Jury further charges:

32. The allegations contained in paragraphs 1 through 15,
18, and 27 of this Indictment are repeated and realleged as if
fully set forth herein.

33. From at least in or May 2013 through in or about July
2015, in the Southern District of New York and elsewhere,

17

ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated and agreed together and with each other to violate Title 18, United States Code, Sections 1343 and 1344.

34.  It was a part and an object of the conspiracy that ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MURGIO, LEBEDEV, and co-conspirators not named herein knowingly made, and caused other individuals to make, material misrepresentations to financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to operate and process financial transactions through the institutions, and in doing so, caused wires to be transmitted to, from, and through the Southern District of New York.

18

35.   It was further a part and an object of the conspiracy that ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, MURGIO, LEBEDEV, and co-conspirators not named herein knowingly made, and caused other individuals to make, material misrepresentations to federally insured financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to operate and process financial transactions through the institutions, and in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of such financial institutions.

(Title 18, United States Code, Section 1349.)

## COUNT SEVEN
(Wire Fraud)

The Grand Jury further charges:

36. The allegations contained in paragraphs 1 through 15, 18, and 27 of this Indictment are repeated and realleged as if fully set forth herein.

37. From at least in or May 2013, up to and including in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, and did aid and abet the same, to wit, MURGIO and LEBEDEV knowingly made, caused others to make, and aided and abetted the making of, material misrepresentations to financial institutions and others in order to deceive those financial institutions into allowing Coin.mx to operate and process financial transactions through the

20

institutions, and in doing so, caused wires to be transmitted to
or from the Southern District of New York.

(Title 18, United States Code, Sections 1343, 1349 and 2.)

## COUNT EIGHT
(Bank Fraud)

The Grand Jury further charges:

38. The allegations contained in paragraphs 1 through 15,
18, and 27 of this Indictment are repeated and realleged as if
fully set forth herein.

39. From at least in or May 2013, up to and including in
or about July 2015, in the Southern District of New York and
elsewhere, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants,
willfully and knowingly, did execute and attempt to execute a
scheme and artifice to obtain moneys, funds, credits, assets,
securities, and other property owned by, and under the custody
and control of, financial institutions, the deposits of which
were then insured by the Federal Deposit Insurance Corporation,
by means of false and fraudulent pretenses, representations, and
promises, and did aid and abet the same, to wit, MURGIO and
LEBEDEV knowingly made, caused others to make, and aided and
abetted the making of, material misrepresentations to federally
insured financial institutions and others in order to deceive
those financial institutions into allowing Coin.mx to operate
and process financial transactions through the institutions, and

21

in doing so, obtained and attempted to obtain moneys, funds, and property owned by and under the custody and control of such financial institutions.

(Title 18, United States Code, Sections 1344, 1349 and 2.)

## COUNT NINE
(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

40. The allegations contained in paragraphs 1 through 15, 18, and 27 of this Indictment are repeated and realleged as if fully set forth herein.

41. From at least in or about October 2013 through at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, 1956(a)(2)(A).

42. It was a part and an object of the conspiracy that ANTHONY R. MURGIO, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did knowingly transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place

22

in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, the operation of the unlawful money transmitting business Coin.mx, in violation of Title 18, United States Code, Section 1960, MURGIO transferred hundreds of thousands of dollars from bank accounts within the United States to bank accounts outside of the United States, and caused others to transfer hundreds of thousands of dollars to bank accounts within the United States from bank accounts outside of the United States, including via certain wire transfers which passed through New York, New York.

(Title 18, United States Code, Section 1956(h).)

## COUNT TEN
(Money Laundering)

The Grand Jury further charges:

43.   The allegations contained in paragraphs 1 through 15, 18, and 27 of this Indictment are repeated and realleged as if fully set forth herein.

44.   From at least in or about October 2013 through at least in or about July 2015, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, in an offense involving and affecting interstate and foreign commerce, knowingly did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and

23

funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, to promote the operation of the unlawful money transmitting business Coin.mx, in violation of Title 18, United States Code, Section 1960, MURGIO transferred hundreds of thousands of dollars from bank accounts within the United States to bank accounts outside of the United States, and caused others to transfer hundreds of thousands of dollars to bank accounts within the United States from bank accounts outside of the United States, including via certain wire transfers which passed through New York, New York.

(Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

## COUNT ELEVEN
(Aggravated Identity Theft)

The Grand Jury further charges:

45. The allegations contained in paragraphs 1 through 15, 18, and 27 of this Indictment are repeated and realleged as if fully set forth herein.

46. From at least in or about February 2014 to at least in or about September 2014, in the Southern District of New York and elsewhere, ANTHONY R. MURGIO, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of

24

identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), and did aid and abet the same, to wit, MURGIO transferred, possessed, and used, and aided and abetted the transfer, possession, and use of, the names and credit card numbers of customers of Coin.mx during and in relation to the conspiracy to commit wire fraud and bank fraud, wire fraud, and bank fraud offenses charged in Counts Six, Seven, and Eight of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), ·1028A(b), 1028A(c)(5) and 2.)

### FORFEITURE ALLEGATIONS

47.   As a result of committing the offense charged in Count One of this Indictment, ANTHONY R. MURGIO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One.

48.   As a result of committing one or more of the offenses alleged in Counts Two, Nine, and Ten of this Indictment, ANTHONY R. MURGIO, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offenses alleged in

25

Counts Two, Nine, and Ten, or any property traceable to such property.

49. As a result of committing the offense charged in Count Three of this Indictment, ANTHONY R. MURGIO, YURI LEBEDEV, and TREVON GROSS, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count Three.

50. As a result of committing one or more of the offenses charged in Counts Four and Eight of this Indictment, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds the defendants obtained directly or indirectly as the result of the offenses alleged in Counts Four and Eight.

51. As a result of committing the offense charged in Count Five of this Indictment, TREVON GROSS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds the defendant obtained directly or indirectly as the result of the offense alleged in Count Five.

26

52.   As a result of committing one or more of the offenses charged in Counts Six and Seven of this Indictment, ANTHONY R. MURGIO and YURI LEBEDEV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from. proceeds traceable to the offense alleged in Counts Six and Seven.

## Substitute Assets Provision

53.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section

27

2461, to seek forfeiture of any other property of the defendants

up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

PREET BHARARA
United States Attorney

28

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**ANTHONY R. MURGIO,
YURI LEBEDEV, and
TREVON GROSS,**

Defendants.

**INDICTMENT**

S6 15 Cr. 769 (AJN)

(18 U.S.C. §§ 215, 371, 1028A, 1343,
1344, 1349, 1956, 1960 & 2.)

PREET BHARARA
United States Attorney.

**TRUE BILL**

_____
                              FOREPERSON

- TRVE BILL & INDICTMENT
- MAG. JUDGE RONALD L. ELLIS
12/22/16