**BAKER MARQUART** LLP
ATTORNEYS

WRITER'S DIRECT DIAL NO.
**(424) 652-7814**

WRITER'S INTERNET ADDRESS
**bklein@bakermarquart.com**

December 29, 2016

By ECF

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    United States v. Anthony Murgio, et al.
       CR 15-769-AJN

Dear Judge Nathan:

      The defendants Anthony Murgio, Yuri Lebedev, and Trevon Gross jointly move to dismiss the superseding indictment filed, without advance notice to the Court or the defendants, late in the afternoon on December 22, 2016, right before the traditional holiday break, and a little more than six weeks before the start of a complex multi-week trial scheduled for February 6, 2017. (Dkt. No. 308.) The superseding indictment, which significantly increases the scope of the prosecution with new charges and prosecution theories against all the defendants, should be dismissed for two overlapping and compelling reasons.

      First, the December 22 superseding indictment, which according to the government is not based on any new discovery, represents an unnecessary delay in the presentment of charges to the grand jury and violates the defendants' Due Process rights. As such, the Court can and should dismiss the superseding indictment pursuant to Federal Rule of Criminal Procedure 48(b)(1). The out-of-the-blue and very belated superseding indictment has substantially prejudiced defendants in many ways, making it manifestly unfair for the defendants to proceed to trial on that indictment. As one example, the defendants received a continuance of the October 31, 2016 trial date to the February 6 date at a October 11, 2016 hearing, agreeing to waive time under the Speedy Trial Act, and operating with an understanding that there would not be a superseding indictment that materially altered the case. Further, it is the defense's understanding that on October 11, the Court calculated the length of the continuance necessary based on a consideration of the time the defense would need for review of the newly produced voluminous discovery, based on a similar belief.

Second, the government has violated its own promise to the Court to not supersede beyond six weeks after the March 4, 2016 hearing and the Court's order enforcing that promise. This was when the trial date was set for October 31, 2016, giving the defendants over six months before trial. The government should have honored its promise and complied with the Court's order, but since it did not, the Court should enforce it.

The defendants are fully aware that a request for a dismissal of an indictment is rarely granted. But the December 22 superseding indictment represents a transparent attempt by the government to gain an utterly unfair tactical advantage at what will be a hotly contested trial. The Court should dismiss the superseding indictment and let the defendants proceed to trial on February 6 on the prior charges.[1]

***

Because of the fast-approaching February 6 trial date, the defendants believe this motion to dismiss should be heard and decided on an expedited basis. The defendants are separately submitting a joint letter requesting an expedited schedule, which the government has consented to, for the Court's consideration.

- **Relevant Background**

On March 4, 2016, the Court held a hearing to arraign the defendants on a superseding indictment filed on March 1, 2016. (Dkt. No. 57.) For the Court's convenience, the March 4 transcript is attached as Exhibit A.

Near the end of the March 4, 2016 hearing, counsel for Murgio inquired with the Court about the government possibly superseding again to add new charges or defendants. (Ex. A at 24.) Counsel for the government discussed the issue with the Court, with counsel for the government ultimately promising to supersede within six weeks (by April 15, 2016). (Id. at 26.) The Court then ordered that any superseding indictment was due within that timeframe. (Id. (the Court: "Any Superseding Indictment within six weeks.")) Counsel for the government had one caveat that it may supersede within 30 days of the trial date to "clean up an [i]ndictment, not to bring any new charges. . ." The Court agreed to that minor caveat, but it insisted that any indictment be filed within the so-ordered timeframe, adding "additional defendants, additional charges that change the scope of the case in any way" be filed within six weeks. (Id.) Counsel for the government did not object. The trial was scheduled to commence on October 31, 2016, permitting the defendants approximately six months to digest and prepare if there was any superseding indictment filed within the allotted timeframe.

On April 14, 2016, the government sought and received a grand jury indictment, which was unsealed and filed on ECF on April 21, 2016. (Dkt. No. 87.) This was within the government's promised six-week timeframe, showing it understood its obligation. The main

---

[1] The defendants are still evaluating additional grounds for dismissal, and reserve their rights to file additional motions. Due to the short amount of time, the defendants believed it most expedient to file this motion right away.

2

change with that superseding indictment was the inclusion of Michael Murgio as a defendant. He has since pleaded guilty to an information charging him with conspiring to obstruct the examination of a financial institution, in violation of 18 U.S.C. § 1517, and is due to be sentenced on January 27, 2017.

In the lead up to trial on October 31, 2016, the Court set a variety of motions deadlines over the summer and into the fall. In compliance with the Court's orders, all the parties filed motions based on the charges presented in the operative indictment (the April 14 superseding indictment), including motions to dismiss, motions for a severance, and motions to compel. As an example, Gross and the government filed motions in limine on the September 12, 2016 deadline for such motions. (Dkt. Nos. 190-91.) All the motions in limine were opposed and are still under submission. 404(b) motions were also due on September 12, although none were filed. Further, the parties filed jointly proposed voir dire and requests to charge during the September and October time period. (Dkt. Nos 217 and 233.) The defendants spent significant time working on their various motions, responding to the government's motions in limine, and crafting jury instructions and proposed voir dire, all based on the April 14 superseding indictment and the understanding that it would be the operative indictment at any trial.

On October 6, 2016, Anthony Murgio filed a letter requesting a continuance of the trial date due to an overwhelming volume of discovery the government had produced recently, including the Coin.mx server. (Dkt. No. 237.) Michael Murgio did not oppose the continuance. (Id. at 3.) Lebedev and Gross did not oppose a continuance, assuming the Court was not going to sever their cases, as they had both previously requested. (Id.) In a separately filed letter, the government stated it did not oppose a brief continuance. (Dk.t No. 238.) Gross and Lebedev later filed letters detailing their positions. (Dkt. Nos. 240 (Gross) and 244 (Lebedev).)

On October 11, 2016, the Court held a hearing on the continuance request. For the Court's convenience, the October 11 transcript is attached as Exhibit B.

During the hearing, the Court noted that one option was "if the government didn't give [the defense] sufficient time to use the materials by the date, the firm trial date, is to preclude the government from using it." (Ex. B at 23). Ultimately, the Court did not do exclude the evidence and adjourned the trial date to February 6, 2017, after getting Speedy Trial Act waivers from all the defendants. (Id. at 41.) At no point did the government mention the possibility of a new superseding indictment.

On October 23, 2016, the parties returned for a hearing on the pending motions, including the government's three-part motion in limine. Although the defense does not have a copy of the October 23 hearing transcript, none of the defense counsel present recall the government discussing a superseding indictment. So far the Court has not ruled on the pending motions.

Since October 23, the defense has spent significant time preparing to defend against the April 14 superseding indictment.

The government filed a superseding indictment at 4:11 p.m. on Thursday, December 22, 2016, right before the traditional winter holiday time. (Dkt. No 308.) The next day the

3

government submitted a letter to the Court detailing the December 22 superseding indictment's extensive changes, which includes the following:

- <u>Counts One and Two</u> (unlicensed money transmitting) include an additional criminal offense under 18 U.S.C. § 1960(b)(1)(C) related to controlled substances;

- <u>Count Three</u> (conspiracy to make corrupt payments to a financial institution) added Gross as defendant;

- <u>Count Six</u> (conspiracy to commit wire fraud) added Lebedev as a defendant;

- <u>Count Seven</u> (wire fraud) added Lebedev as a defendant;

- <u>Count Eight</u> (bank fraud) is a new charge against Murgio and Lebedev; and

- <u>Count Eleven</u> (aggravated identity theft) is a new charge against Murgio, and it carries a 2 year mandatory sentencing enhancement.

(Dkt. No 312.)  Neither the Court nor the parties were notified in advance of the superseding indictment.  The defense confirmed this with counsel for the government.  Counsel for the government has also informed the defense that there is no new discovery to be produced tied to the December 22 superseding indictment.  There is every reason to believe the December 22 superseding indictment could have been filed by the government's promised April deadline.

Among the problems with the December 22 superseding indictment is it will require new and modified requests to charge and voir dire.  The Court-imposed deadline for filing motions has also long-since passed, and the defense would not have the opportunity to brief and argue legal challenges to the superseding indictment in sufficient time to proceed with the February 6 trial date.  The defense also has to significantly recalibrate its trial preparations, including considering new motions <u>in limine</u> (as well as file this motion to dismiss), a short time before the start of what was already a lengthy and complicated trial and much of it during the traditional holiday period.

On December 27, 2016, the Court set the arraignment on the December 22 superseding indictment for January 20, 2017.  (Dkt. No. 316.)

Trial in this case, which is expected to take at least three weeks, is set to begin on February 6, 2017.

- **Argument**

The December 22 superseding indictment utterly surprised the defense and no doubt the Court.  It substantially alters the government's case against the defendants and was filed without notice to the Court or defense on the relative eve of what is already expected to be a lengthy and complex trial.  It was also filed after extensive motion practice and pre-trial preparations (including the submission of joint jury instructions and voir dire).  It violates the Court's

4

scheduling order and the government's own promises in open court to file any significant superseding indictment by April 14, 2016. The government's delay in seeking the December 22 superseding indictment substantially prejudices the defendants and provides the government with an unfair tactical advantage. Although it is rarely done, the facts merit it here: the Court should dismiss the December 22 superseding indictment.

      o   The Court Can and Should Dismiss the December 23, 2016 Superseding Indictment Under Federal Rule of Criminal Procedure 48(b)(1)

Due to the government's breach of its promises, its violation of the Court's scheduling order, and the prejudice to the defendants that has flowed from these violations as a result of the belated filing of the December 22 superseding indictment, the defendants seek its dismissal pursuant to the Court's authority under Federal Rule of Criminal Procedure 48(b)(1).

Rule 48 states, in pertinent part, states that "[t]he [C]ourt may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to the grand jury." To get this extraordinary relief, the Second Circuit has held that defendants need to prove "actual prejudice to [their] right to a fair trial and unjustifiable [g]overnment conduct." United States v. Elsbery, 602 F.2d 1054, 1059 (2d Cir. 1979).

The defendants meet Rule 48(b)(1)'s requirements. The prejudice the defendants have suffered is manifold and substantial, and aggravated by the fact that the defendants relied on the government's March 4, 2016 promise. Here is a list of some of the significant and actual harm the defense has suffered:

1.  The defendants waived their Speedy Trial Act rights at the March 4 and October 11, 2016 hearings with the understanding that any substantive superseding indictment would be brought / had been brought within six weeks of March 4.

2.  The defense has spent significant time analyzing potential motions and filing multiple motions relating to the April 14, 2016 superseding indictment in accordance with the Court's scheduling orders leading up to trial scheduled then for October 31, 2016. These motions addressed the legal theories the government represented to the Court and defendants it would be pursuing at trial, and many of the motions would not have been filed or would have been substantially modified had the parties been operating under the vastly different indictment the government now seeks to prosecute.

3.  The defense has been preparing for trial since mid-April based on the April 14 superseding indictment. This includes developing theories of defense, interviewing witnesses and reviewing discovery to respond to the government's case as charged in the April 14 indictment

4.  The defense spent long hours working on the jointly submitted jury instructions and voir dire.

5

5. Certain of the new charges are vague and may require Bills of Particulars, and their vagueness also makes it a real burden to prepare to defend against them. For example, in Count Three, the government has now charged the defendants with conspiring to make and making false statements, but the government has not identified the false statements the defendants are alleged to have made and/or conspired to make.

6. The government has also added charges that are not of a like kind. As an example, Murgio is now charged with a controlled substances offense that had not been previously charged, in a case that until now did not involve allegations concerning controlled substances.

The defense work undertaken in response to the April 14 superseding indictment needs to be redone with the trial date less than six weeks away. Of course, the same is not true for the government. It has been able to factor the December 22 superseding indictment into its trial plans for quite some time. The Court, which had set schedules for pre-trial filings this past summer and fall, has had those carefully crafted schedules mooted by the government's action as well.

The December 22 superseding indictment also represents the government's attempt to gain an improper tactical advantage. There are no justifications for the government's actions. Indeed, the government has offered no explanation for its delay in bringing the December 22 superseding indictment, nor could it based on the facts. By its own admission, there is no discovery it will be producing related to it. A review of the December 22 superseding indictment gives no indication of any new information. There is no reason the government could not have brought that superseding indictment earlier back in March or April - it had promised to do so. The only reasons for the government to bring additional charges, including charges containing mandatory sentencing enhancements, at this late date are to improperly penalize the defendants for going to trial or to coerce guilty pleas. Cf., United States v. Kupa, 976 F. Supp. 2d 417, 421 (E.D.N.Y. 2013), aff'd, 616 F. App'x 33 (2d Cir. 2015) (sentencing enhancements "should not be used for the indefensible purposes of coercing guilty pleas and punishing those who go to trial.")

Overall, it is manifestly unfair to have the defendants go to trial on the December 22 superseding indictment.

o   The Government's Promise Should be Enforced

At the March 4, 2016 hearing, counsel for the government promised the Court (and the defense) to file any substantive superseding indictment within six weeks of the hearing. At the time, the trial was scheduled for October 31, 2016. The Court accepted the government's commitment and ordered it file any substantive superseding indictment within six weeks. (Ex. A at 26.) The government, understanding its promise, superseded on April 14, 2016, adding a defendant who is no longer part of the case. (Dkt. No. 87.) The government has blatantly broken its promise.

The government "should not be allowed simply to renege on its promises." See <u>United States v. Carter</u>, 454 F.2d 426 (4th Cir. 1972) (en banc).[2] In the instances of plea agreements, the Court has dismissed indictments. <u>Id</u>; <u>see also</u> <u>Santabello v. New York</u>, 404 U.S. 257 (1971) (finding in the case of plea agreement a court can dismiss or order specific performance.) "Prosecutors have been held responsible for not fulfilling promises which were within their power and for failing to fulfill promises which were unfillable." <u>United States v. Aaronoff</u>, 1992 WL 30680, \*10 (S.D.N.Y. February 10, 1992). The Second Circuit has held that dismissing an indictment, although an extreme sanction, is merited to:

> [A]chieve one or both of two objectives; first, to eliminate prejudice to a defendant in a criminal prosecution; second to 'help translate the assurances of the United States Attorneys into consistent performance by their assistants.

<u>Id.</u> (quoting <u>United States v. Fields</u>, 592 F.2d 638, 648 (2d Cir. 1978).)[3] Here, there can be no dispute that the government reneged on its promise to the Court and defense, and defied the Court's order.

Dismissing the December 22 superseding indictment would be consistent with the tenet that the government should be held to its promises, particularly when such a promise is made directly to the Court at a hearing. Moreover, as discussed above, the defendants have suffered tremendous harm as a result of the government's failure to honor its word. It is impossible to restore the defendants to their same position as before. The Court should dismiss the December 22 superseding indictment for these reasons.

- **Conclusion**

Although courts have been reluctant to dismiss indictments altogether as a sanction for delay or a broken promise on the part of the government, in this case, the defendants do not seek dismissal of all the charges against them. Rather, they seek to proceed to trial in a timely manner based on the charges the government brought with ample time for the defense to consider and prepare to defend.

The defendants should not be significantly prejudiced by any further trial delays due to the government's eleventh hour decision to transform the nature of its case, nor should the

---

[2] The cases cited do not deal directly with the type of situation confronting the Court here (they most deal plea agreements). But the principles they espouse should apply equally in this case, since the government made an affirmative decision to pursue only certain theories against defendants and the defendants relied upon those decisions and waived substantial rights (including their rights to a speedy trial).

[3] In <u>Fields</u>, the Second Circuit found the government's conduct involving isolated instances concerning the SEC improper, but did not find any harm, so it reinstated the expunged indictment. 592 F.3d 638, 648. The Second Circuit noted that such a sanction is merited when it is impossible to restore the defendant to the same position as before and when the government's course of conduct is widespread or continuous. <u>Id.</u>

defendants be required to defend against a case for which it has not had sufficient time to prepare.  The remedy that finds support in the Federal Rules of Criminal Procedure, case law, and the Court's inherent supervisory powers is to dismiss the December 22 superseding indictment and permit the defendants to proceed to trial on February 6, 2017 on the indictment that has been in place since April 2016.

        For all the above reasons, the defendants respectfully request the Court dismiss the December 22 superseding indictment.

Respectfully submitted,

Brian E. Klein
Baker Marquart LLP
-and-
Robert A. Soloway
Rothman, Schneider, Soloway & Stein LLP
*Attorneys for Anthony Murgio*


/s/ Eric M. Creizman          /s/ Henry E. Klingeman

Eric M. Creizman              Henry E. Klingeman
Melissa N. Madigral           Kristen M. Santillo
Creizman PLLC                 Krovatin Klingeman LLC
*Attorneys for Yuri Lebedev*  *Attorneys for Trevon Gross*