```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/21

United States of America,

–v–

Trevon Gross,

Defendant.

15-cr-769 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Defendant Trevon Gross filed a letter motion seeking to modify conditions of his supervised release pursuant to 18 U.S.C. § 3583(e)(2). Dkt. No. 791. For the reasons that follow, his motion is DENIED.

I. BACKGROUND

Mr. Gross was convicted in 2017 of conspiracy to commit financial institution bribery, to make false statements, and to obstruct the examination of a financial institution. Dkt. No. 747. This Court sentenced him to 60 months' imprisonment. Dkt. No. 668.

With a little less than half of his sentence remaining, Defendant moved for compassionate release in April 2020 due to the threat posed by the COVID-19 pandemic and his underlying medical conditions. Dkt. No. 753. This Court granted his request, finding that "while the Court's original 60-month sentence reflected the seriousness of the offense at the time, contracting COVID-19 could transform that sentence into a death sentence for Mr. Gross." Dkt. No. 764 at 7; *see also* Dkt. No. 771. The Court ordered Mr. Gross to home detention "for the

remaining portion of his original term of imprisonment," Dkt. No. 771 at 1, which the Bureau of Prisons calculated to end on May 16, 2022, Dkt. No. 773.

On June 18, 2021, Mr. Gross moved this Court to modify his supervised release by removing the condition of home confinement. Dkt. No. 791. The Government opposed the motion on July 2, 2021, Dkt. No. 793, and Mr. Gross filed a reply, Dkt. No. 794.

## II.   DISCUSSION

Under 18 U.S.C. § 3583(e)(2), a court may modify the conditions of supervised release "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."

Mr. Gross argues that the home detention condition is no longer necessary to achieve the purposes of sentencing. Mr. Gross's letter motion outlines his many commendable charitable activities, his work as a pastor, and his current pursuit of a PhD. Dkt. No. 791 at 2–3. He argues removal of the home confinement condition will further his rehabilitation because it will allow him to, in particular, more easily travel for church conferences and PhD research and minister to his congregants in emergency situations. *Id.*; *see also* Dkt. No. 794 at 2.

The Court of course commends these pursuits. But as the Government notes in its opposition, eliminating the home confinement condition for the remainder of Mr. Gross's supervised release would "seriously undermine the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." Dkt. No. 793 at 1. The Court agrees.

In 2017, this Court imposed a sentence "substantially below the guideline sentence" in light of Mr. Gross's history and characteristics—including his charitable works, ties to the community, and the fact that he is a first-time, non-violent offender. *See* Dkt. No. 668 at 52. But the Court found a substantial sentence was still warranted. In particular, the Court noted that

Mr. Gross's criminal conduct "is highly deterrable and it must be met with punishment that reflects the seriousness of the offense, promotes respect for the law, and deters Mr. Gross and others from engaging in this kind of criminal conduct." *Id.* at 50. This particular need for deterrence weighed heavily—especially in light of Mr. Gross's lack of remorse or acceptance of responsibility, Dkt. No. 668 at 51—and it continues to weigh heavily. *See* 18 U.S.C. § 3583(e)(2) (listing 18 U.S.C. § 3553(a)(2)(B)). Eliminating almost a year of home confinement from Mr. Gross's sentence would greatly undermine both specific and general deterrence in this case.

      The Court is not persuaded by Mr. Gross's further argument that eliminating home confinement now would not alter his sentence dramatically because the May 16, 2022 end date does "not account for earned time credits he could have received if he had continued to be in BOP custody from participation in programming." Dkt. No. 791 at 2. When this Court granted Mr. Gross compassionate release with a little less than half of his 60-month sentence remaining, it weighed the § 3553 factors and found that the purposes of sentencing could be achieved through Mr. Gross's home confinement "for the remaining portion of his original term of imprisonment, as calculated by the Bureau of Prisons." Dkt. No. 771 at 1. The Court will not reduce the sentence now based on hypothetical time that could have been served if prior relief had not been granted.

      Finally, the Court notes that Mr. Gross does not represent that he is wholly unable to participate in his work and educational pursuits—only that they are "made much more difficult." Dkt. No. 791 at 3. This difficulty does not outweigh the deterrent effect for Mr. Gross and others served by the home confinement condition remaining in place for the full period. During the remaining time, Mr. Gross can and should continue to pursue his many work, educational, and

charitable pursuits. *See* 18 U.S.C. § 3583(e)(2) (listing 18 U.S.C. § 3553(a)(2)(D)). The removal of the home confinement restriction in its entirety is not needed for Mr. Gross to do so. Mr. Gross may continue to leave his home for work, worship, and medical appointments within a 24-hour period. *See* Dkt. No. 791 at 2. He may also seek approval from the Court to attend religious and work conferences and perform research for his PhD if the events require travel out of state for more than 24 hours. *See id.*

### III. CONCLUSION

For the reasons stated above, Ms. Gross's motion to modify conditions of supervised release is DENIED. This resolves Dkt. No. 791.

SO ORDERED.

Dated: August 9, 2021
New York, New York

_____
ALISON J. NATHAN
United States District Judge